MARY J. WISE, *Appellee,* v. J. S. MCALPINE *et al.*   (THE ARMOUR PACKING COMPANY, *Appellant*).

No. 17,242.

Appeal from Wyandotte district court, division No. 2. Opinion filed March 9, 1912.   Reversed.

*Frank Hagerman, O. L. Miller,* and *A. L. Berger,* for the appellant.

*W. L. Wood,* and *J. O. Fife,* for the appellee.

*Per Curiam:* This is a companion case to *Wood v. McAlpine,* 85 Kan. 657, 118 Pac. 1060, ante, p. 804.   An examination of the record and briefs shows, as was stated on the argument, that involving as it does allotment No. 12 but one removed from allotment No. 14 considered in *Wood v. McAlpine,* supra, substantially the same questions arise and the same principles are determinative.   (See map, *Fowler v. Wood,* 73 Kan. 511, 517, 85 Pac. 763.)   One point peculiar to this case should be noticed. The administrator's deed under which the defendant holds described allotment No. 12 by metes and bounds containing 20.11 acres, and recited that the administrator sold so much thereof as had not been washed away and destroyed by the Missouri river, first having the same appraised and accurately surveyed and the amount accurately estimated, and that the grantees paid $150 an acre for 18.20 acres, making $2730, and that the administrator was ordered to execute and deliver a joint deed for "said premises."   The granting clause conveys "the real estate aforesaid and above described, with all the appurtenances and privileges thereunto."   The court charged:

"It will, however, be observed that the administrator's deed in this case, which is the defendant's initial title, reserves such part of allotment No. 12 as had been washed away by the river upon which said allotment was abutted.   I therefore instruct you that the right to acquire future accretions did not pass to the grantees or their successors in title under the administrator's deed in evidence."

As the deed shows an intention to convey all the remaining land fronting on the river "with all the appurtenances and

privileges thereunto," it carried the right to accretions, and this instruction was erroneous.

The main feature being ruled by *Wood v. McAlpine*, supra, the judgment is reversed and a new trial ordered.